Nash, J.
The only question in this case is, “ was the demurrer properly overruled?” It has been determined by the supreme court that a married woman, who is pos *302 sessed of a separate estate and signs a promissory note as surety for her husband, is presumed without further proof to intend thereby to charge such estate. This presumption may be overcome by proof of facts or circumstances surrounding the execution and delivery of the note which show that such was not her intention. Avery v. Van Sickle, 35 Ohio St., 270; Williams v. Urmston, Id., 296; Hershizer, Adams & Co. v. Florence, 39 Id., —. It is settled bjr what kind of evidencé this presumption may be overcome, but it remains a question of fact to be determined by the court in each case. We are of the opinion that this issue may be made by an averment in the petition that by the signing of the note the married woman intended thereby to charge her separate estate and a denial of the allegation in the answer. Such an answer is good upon demurrer, but a court upon a motion, for that purpose made, might properly require the answer to be made more definite and certain by setting forth the facts surrounding the transaction which show that she did not intend to charge her separate estate.
The petition in this case not only contained the averment of which we have spoken, but also the additional allegation that Mrs. Wilson promised, then and there, that her said separate property was and should be bound and held for the payment of the note. Both allegations were denied in the first defense.
We do not commend the pleading in this case as perfect, but simply say that the issue was so made that there was not error in the overruling of the demurrer.

JucLgment affirmed.